**Pamela M. HOKANSON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

**No. 97–3078.**

United States Court of Appeals,
Federal Circuit.

Aug. 22, 1997.

Jack L.B. Gohn, Towson, MD, for petitioner.

Lee M. Straus, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Kirk Manhardt, Assistant Director.

Before MAYER, MICHEL, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Pamela M. Hokanson petitions for review of the final decision of the Merit Systems Protection Board affirming the Office of Personnel Management's (OPM's) denial of Ms. Hokanson's claim for a survivor annuity. *Hokanson v. Office of Personnel Management,* 71 M.S.P.R. 564 (1996). Because the board did not err in determining that Ms. Hokanson's divorce decree did not expressly provide for a former spouse survivor annuity, we affirm.

## BACKGROUND

On June 18, 1990, Ms. Hokanson and her husband, who was a long-time federal employee and thus was eligible for civil service retirement benefits, received a partial divorce decree. The final judgment and decree of divorce, which divided the marital property, issued on September 19, 1990. It was supplemented by an amended judgment on April 5, 1991. During the divorce proceedings, a magistrate judge in the District Court for the Fourth Judicial District of Idaho made the following findings of fact: (1) during the marriage, approximately $20,000 to $22,000 in community funds had been contributed to the retirement fund; (2) if Mr. Hokanson were to have retired on the day of divorce, his monthly retirement annuity would have been $1,112, less potential reductions for years in which no contributions to the retirement account were made (the magistrate was not provided with the necessary information to calculate any reduction); (3) the community contributions made by Ms. Hokanson could be withdrawn only upon her husband's termination from federal employment or retirement. The magistrate determined that Ms. Hokanson should receive 50% of her husband's future retirement benefit annuity when distributed. The 1990 final divorce decree included the following awards:

b. As her portion of said civil service retirement benefits, [Ms. Hokanson]

shall be paid the sum of $556 per month.

c. The balance of [the] civil service retirement benefits shall be paid to [Mr. Hokanson].

In the 1991 amended divorce decree, the court reserved jurisdiction over the division of the civil service retirement benefits pending the Idaho Supreme Court's pronouncement on the allowable methods of valuation and distribution of private retirement benefits. That issue was not related to survivor annuities of federal employees and is not relevant to this appeal.

Mr. Hokanson died on September 26, 1994, before retiring from federal service. Thus, Ms. Hokanson never received any payments from the expected retirement annuity. Following her former husband's death, Ms. Hokanson petitioned OPM for a former spouse survivor annuity. On September 8, 1995, her request was denied after OPM determined that the divorce decree did not expressly provide for a survivor annuity, as required by statute if such an annuity is to be awarded to a former spouse.

Ms. Hokanson then requested that the Idaho magistrate clarify the 1991 amended divorce decree, which had issued four years earlier. On June 3, 1996, the magistrate judge issued a Memorandum Decision and Order in which he stated that, "[h]ad all of the information about these benefits been provided to the court ... certainly the division would have included all rights, including death and survivor's benefits." The 1996 order purported to clarify the divorce decree and indicated that it was the intent of the court to award Ms. Hokanson 50% of all retirement benefits that accrued as of the date of divorce, "whether those benefits be characterized as 'retirement benefits', 'survivor's benefits', or 'death benefits.'"

Armed with the 1996 order "clarifying" the original divorce decree, Ms. Hokanson appealed the OPM decision to the board. In an initial decision, the administrative judge (AJ) agreed with OPM that the 1991 decree failed to expressly award her a survivor annuity. The significance of the 1996 order was not addressed. The initial decision became final when the full board denied Ms. Hokanson's petition for review. *See* 5 C.F.R. § 1201.113 (1997). Ms. Hokanson now petitions for review by this court.

## DISCUSSION

When reviewing a decision by the board, we may reverse only if the decision was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Personnel Management,* 791 F.2d 138, 140 (Fed. Cir.1986).

■ Ms. Hokanson argues that the board gave the applicable statute and implementing regulations an overly narrow construction and that under a proper construction, the divorce decree adequately provides for a survivor annuity.

We disagree. The applicable statute, 5 U.S.C. § 8341(h)(1) (1994), states in pertinent part:

[a] former spouse of a deceased employee ... is entitled to a survivor annuity under this subdivision, if and to the extent expressly provided for in an election under section 8339(j)(3) of this title or in terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree.

The statute clearly states that a former spouse is not eligible for a survivor annuity unless it is "expressly provided for." The relevant regulations state that for a qualifying court order to affect civil service retirement benefits, it "must divide employee retirement benefits, award a payment from employee retirement benefits, or award a former spouse annuity." 5 C.F.R. § 838.1004(a). The regulation continues, stating that "[f]or the purposes of awarding a former spouse annuity, the court order must either state the former spouse's entitlement to a survivor annuity or direct an employee, Member, or retiree to provide a former spouse annuity." 5 C.F.R. § 838.1004(c)(2). Furthermore, the regulations explicitly state that the term "employee retirement benefits" as used in that subpart "does not include survivor annuities." 5 C.F.R. § 838.1003.

The regulations thus specifically distinguish between the payment of a share of a federal employee's retirement benefits to a former spouse during the lifetime of the retired federal employee, and the awarding of a survivor annuity to the former spouse payable after the death of the employee.

██  Moreover, the Guidelines For Interpreting State Court Orders Awarding Survivor Annuity Benefits to Former Spouses (Appendix B to Subpart J of Part 838), published in 1990 pursuant to 5 C.F.R. § 838.1014, state that:

1. Except as provided [in] paragraphs B2 through B4, orders must specify the benefit being awarded. Orders must contain language such as "survivor annuity," "death benefits," "former spouse annuity under 5 U.S.C. 8341(h)(1)," etc.

2. Orders that provide that the former spouse is to "continue as" or "be named as" the "designated beneficiary" of CSRS [civil service retirement system] benefits will be interpreted to award a former spouse annuity.

3. Orders that provide that the former spouse will "continue to receive benefits after the death of" the employee or "that benefits will continue after the death of" the employee, but do not use terms such as "survivor annuity," "death benefits," "former spouse annuity," or similar terms will not be interpreted to award a former spouse annuity.

Thus, an award directing the payment of a share of a federal employee's retirement benefits is distinct from, and will not be interpreted as, an award of a survivor annuity.

Ms. Hokanson argues that although the divorce decree did not use the term "survivor annuity," the decree, when read as a whole, adequately manifests an intent to provide her with the government benefits attributable to her contribution to Mr. Hokanson's pension. Citing *Fox v. OPM*, 100 F.3d 141 (Fed.Cir. 1996), *Thomas v. OPM*, 46 M.S.P.R. 651 (1991), and *Bliznik v. OPM*, 58 M.S.P.R. 340 (1993), Ms. Hokanson argues that an award of "retirement benefits" must be viewed as referring to a survivor annuity. We do not agree. The cited cases cannot be read as standing for such a broad proposition. In

*Fox*, the "Survivor's benefit plan" in the settlement agreement clearly meant and was therefore construed to include the then-existing survivor annuity that had been previously elected. 100 F.3d at 142–43. In *Thomas*, which of course is not binding on us, the husband had elected to provide the wife with a survivor annuity prior to their divorce. The board held that the property settlement agreement incident to the divorce, which stated that "[t]he Husband agrees to maintain all rights and benefits to which the Wife is entitled and may realize in connection with his retirement and pension package," clearly and unambiguously included the then-existing survivor annuity. 46 M.S.P.R. at 654. Finally, in *Bliznik*, the board recognized that the Bliznik divorce decree expressly distinguished between retirement benefits and survivor benefits by awarding Ms. Bliznik 50% of Mr. Bliznik's retirement annuity and also by awarding her a "lifetime monthly benefit.," *i.e.*, a survivor annuity. 58 M.S.P.R. at 344.

Ms. Hokanson's divorce decree, on the other hand, awarded her a share of her former spouse's retirement benefits. She was to be paid $556.00 per month and the balance of the benefits was to be paid to Mr. Hokanson. The decree does not provide her with a "former spouse annuity," "death benefits," or designate her as the "beneficiary" of any such benefits. Ms. Hokanson argues that her divorce decree "logically must have been meant" to provide a survivor annuity. To the contrary, as Mr. Hokanson was to receive the balance of the annuity, it is clear that the decree did nothing more than divide his retirement annuity. That annuity, including Ms. Hokanson's share, would cease upon his death. Such an award is insufficient to provide Ms. Hokanson with a survivor annuity. Because Ms. Hokanson's husband died prior to retirement, there is no retirement annuity from which to draw her share.

Ms. Hokanson argues that this result is illogical given the decreeing court's intent to provide her with a share of her former husband's pension benefits, however distributed. Because her former husband will receive no retirement benefits, Ms. Hokanson argues, she is entitled to recover her contributions to

her former husband's pension through a former spouse survivor annuity. Thus, the board's and OPM's denial of her request for the annuity, she argues, is arbitrary and capricious.

We do not agree. The statute and regulations are clear. An award of a former spouse survivor annuity must be express. This requirement is not a mere technicality; it provides for a clear allocation of rights between the interested parties. Had Ms. Hokanson been awarded a survivor annuity, her former husband's retirement annuity would have been proportionally decreased. Presumably, Ms. Hokanson's share of the retirement annuity would have been correspondingly reduced during her former husband's lifetime. Additionally, because the combined survivor annuities of a former and current spouse cannot exceed 55% of the federal employee's retirement annuity, an award of a 50% survivor annuity to a former spouse necessarily limits the current spouse to a 5% survivor annuity. *See* 5 C.F.R. § 831.641. Ms. Hokanson would like us to interpret the divorce decree as providing for a share of *any* civil service benefits "however distributed." This we cannot do. Not only do the terms of the divorce decree belie such an interpretation, but such an award would not comply with the statutory mandate that a survivor annuity be "expressly provided for." The statute and implementing regulations sensibly draw a balance between competing interests by providing for a former spouse survivor annuity, yet requiring that such an election or award be express. The board's decision is thus not arbitrary or capricious, and is supported by substantial evidence.

■ Ms. Hokanson further argues that any deficiencies in the 1991 decree were rectified in the 1996 "clarification" order. However, the relevant statutes and regulations state that such an order is ineffective if issued after the retirement or death of the federal employee:

> For purposes of this subchapter, a modification in a decree, order, agreement, or election referred to in paragraph (1) of this subsection shall not be effective—(A) if such modification is made after the retirement or death of the employee or Member

concerned, and (B) to the extent that such modification involves an annuity under this subsection.

5 U.S.C. § 8341(h)(4) (1994). The implementing regulation states:

> For purposes of awarding, increasing, reducing, or eliminating a former spouse survivor annuity, or explaining, interpreting, or clarifying a court order that awards, increases, reduces or eliminates a former spouse annuity, the court order must be—(i) Issued on a day prior to the date of retirement or date of death of the employee; or (ii) The first order dividing the marital property of the retiree and the former spouse.

5 C.F.R. § 838.1004(e)(1). By the express terms of the regulation, the 1996 order, having been issued after the death of Mr. Hokanson, is ineffective to the extent it purports to "clarify" a prior implicit award of a survivor annuity.

Citing *Newman v. Love*, 962 F.2d 1008 (Fed.Cir.1992), Ms. Hokanson argues that the regulation cannot be applied so as to deny effect to the 1996 court order. We disagree. *Newman* is not applicable to this case. In *Newman*, this court held that the division of marital assets following an initial order granting a divorce was not a "modification" of the initial order within the meaning of 5 U.S.C. § 8341(h)(4). In so holding, we declined to defer to a predecessor regulation that had required that an award of a former spouse survivor annuity, if issued after the retirement or death of the federal employee, be in the first court order terminating the marital relationship. *See* 5 C.F.R. § 831.1704 (1992). We noted that such a regulation, which gave no effect to the order in the second phase of bifurcated divorce proceedings, was contrary to the statutory mandate.

The current regulation cures this defect by requiring that an order awarding the survivor annuity after retirement or death of the federal employee be the "first order dividing the marital property of the retiree and the former spouse." Thus, the current regulation properly distinguishes between a bifurcated divorce proceeding where the division

of marital assets follows the initial divorce decree and an ineffective "modification" of a former order that had divided marital assets. Because the 1991 amended divorce decree divided the marital assets, including the retirement benefits, the 1996 order is properly considered a "modification" of that decree and is therefore ineffective for purposes of awarding Ms. Hokanson a former spouse survivor annuity under 5 U.S.C. § 8341(h).

## CONCLUSION

The board did not err in determining that Ms. Hokanson is not entitled to a former spouse survivor annuity. The 1991 amended divorce decree failed to expressly award her a former spouse survivor annuity, as required by statute if she were to receive such an annuity. The 1996 "clarification" order was also ineffective because it purported to modify the prior divorce decree and was issued after the death of Ms. Hokanson's former husband. Accordingly, the decision of the board is affirmed.

*AFFIRMED.*