NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3279

KAYE C. TIMMERS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

———————————————

DECIDED: March 10, 2005

———————————————

Before MICHEL, Chief Judge, SCHALL and DYK, Circuit Judges.

DYK, Circuit Judge.

Petitioner Kaye C. Timmers ("Timmers") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), which dismissed her appeal as untimely filed. Timmers v. Office of Pers. Mgmt., No. CH0831030715-I-1 (M.S.P.B. Sept. 12, 2003). We affirm-in-part the Board's final decision and remand for further proceedings.

BACKGROUND

This case concerns the timeliness of an appeal filed with the Board. The merits of the underlying case concern the payment of annuity benefits by the Office of Personnel Management ("OPM").

Timmers' former spouse, Vernon John Rausch ("Rausch"), was employed with the United States Department of the Interior, and qualified for retirement benefits under

the Civil Service Retirement System. The couple divorced in August 1983. The divorce decree was amended in October 1985, and, as amended, included a provision on pension benefits, which stated:

> [Rausch's] pension benefits shall be divided between the parties as and when received. . . . At [Rausch's] retirement at age 62, [Timmers] shall be entitled to, and shall receive, $ 711.00 per month pension benefit payments . . . . In the event [Rausch] dies prior to receiving his pension benefits, any death benefit payable shall be apportioned between [Timmers] and [Rausch's] named beneficiary of his estate in the same manner as pension benefits would otherwise have been paid had [Rausch] survived to retirement date of age 62 and began receiving said benefits. . . . [Timmers'] benefits are fixed as date of Decree at $ 711.00 per month based on present vested pension benefits. [Timmers'] entitlement to death benefits is also fixed as of date of the Decree, utilizing the same apportionment as would be utilized if [Rausch] begins receiving his pension benefits at age 62.

(Resp't App. at 41-42 (emphasis added).)

In March 1998, OPM approved the $ 711.00 monthly payment to Timmers, which was made effective retroactively to September 1, 1997. In August 2000, Rausch died, and subsequently, in October 2000, OPM ceased paying Timmers.

Timmers applied to OPM to continue payment of the benefits. After a significant period of delay, OPM issued an initial decision denying Timmers' application for benefits on April 23, 2002, and a final decision denying benefits followed on March 18, 2003. In its final decision, OPM stated that under 5 U.S.C. § 8341(h), a former spouse is entitled to a survivor annuity "to the extent expressly provided for . . . in the terms of any decree of divorce." (Resp't App. at 33 (emphasis omitted).) Despite our decision in Hokanson v. Office of Personnel Management, 122 F.3d 1043, 1046 (Fed. Cir. 1997), OPM determined that Timmers was "not entitled to survivor annuity benefits as a former

spouse of Mr. Rausch. At Mr. Rausch's death, his annuity benefits terminated and [Timmers was] no longer entitled to an apportionment." (Resp't App. at 34.)

The final paragraph of OPM's decision stated that Timmers had "the right to appeal to the Merit Systems Protection Board . . . . An appeal must be filed within . . . 30 days after receipt of this decision." (Id. at 35.) By her own admission, Timmers received the decision "sometime in the week of March 24th, 2003." (Id. at 13.) She filed her appeal with the Board on July 24, 2003. (Id. at 2.) There is no dispute that this was outside of the 30-day limit prescribed by 5 C.F.R. § 1201.22(b).

The administrative judge issued an Acknowledgement Order on August 12, 2003, advising Timmers that she had filed her appeal out of time and ordering her to show good cause for the delay. Timmers responded that her tardiness should be excused because (1) she was not a lawyer, failed in her efforts to secure a lawyer, and was intimidated by the appeal form; and (2) her three months delay was less serious when compared to the 18 months that OPM took to deny her benefits. (Id. at 23.) The administrative judge dismissed the appeal as untimely filed, finding that Timmers had not exercised due diligence or ordinary prudence and did not establish good cause for waiver of the filing time limit, and further stating that Timmers could not "prevail on the merits of her claim for a survivor annuity. The divorce decree . . . did not specifically award her a former spouse survivor annuity benefit. . . . [Timmers] does not meet the statutory requirements of 5 U.S.C § 8341(h) to receive a survivor annuity, and [the Board] do[es] not have any authority to waive those requirements." Timmers v. Office of Pers. Mgmt., No. CH0831030715-I-1, slip op. at 3 n.2 (M.S.P.B. Sept. 12, 2003).

Timmers then secured a lawyer and petitioned the full Board for review under 5 C.F.R. § 1201.115, or, in the alternative, to reopen the case under 5 C.F.R. § 1201.118. Timmers submitted an affidavit wherein she stated that during the four months between her receipt of the OPM decision and the time of her filing with the Board, she suffered various crises including the death of her father, a high risk pregnancy for her daughter, an emergency cesarean birth for her daughter-in-law, a car accident, and major upheaval at her work with the Red Cross due to sanctions imposed by the Food and Drug Administration. (Resp't App. at 13-16.) The full Board summarily denied her petition.

Timmers petitions this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Insofar as the Board denied Timmers' petition for review, we see no error in this decision. Pursuant to 5 C.F.R. § 1201.115(d), the Board may grant such a petition when, inter alia, the petitioner presents "[n]ew and material evidence . . . that, despite due diligence, was not available when the record closed." In the affidavit she submitted in support of her petition for review, Timmers described a string of crises in her life occurring after receipt of OPM's reconsideration decision. While we are sympathetic to the situation in which Timmers found herself during this period, it is clear that nothing prevented her from presenting the circumstances described in her affidavit to the administrative judge in response to the Acknowledgement Order. In other words, these circumstances do not constitute new evidence that was not available when the record closed. This does not end the case, however.

On appeal to the full Board, Timmers also specifically requested that the Board reopen the case pursuant to 5 C.F.R. § 1201.118. That section provides: "The Board may reopen an appeal and reconsider a decision of a judge on its own motion at any time." The Board refused to reopen the case. In past cases we have assumed that we have authority to review the Board's decision not to reopen. As we noted in Azarkhish v. Office of Pers. Mgmt., 915 F.2d 675 (Fed. Cir. 1990): "Assuming, without deciding, that [petitioner] has standing . . . the full Board has 'broad discretion' in deciding which initial decisions to review sua sponte," and the petitioner bears a "heavy burden" in this court to overcome it. Id. at 679 (citations omitted); see Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1378 (Fed. Cir. 2003) ("The Board enjoys broad discretion in deciding whether to reopen particular appeals, and this court has stated that, even assuming we have the authority to review such a decision (an issue the court has left open), a party has a 'heavy burden' in attempting to demonstrate that the full Board erred in exercising its discretion not to reopen." (emphasis added)). The standard of review for such decisions is the highly deferential abuse of discretion standard. Nelson v. FDIC, 83 F.3d 1375, 1377 (Fed. Cir. 1996) ("Assuming, without deciding, that we may review the Board's decision not to reopen an appeal on its own motion under 5 C.F.R. § 1201.118 for an abuse of discretion." (emphasis added)); Azarkhish, 915 F.2d at 679. When it denied Timmers' petition for review in its final decision, the Board did not mention the request to reopen.

In the past, the Board has exercised its discretion to reopen cases to prevent what it perceived to be "manifest injustice to the appellant's substantive rights." Fields v. Office of Pers. Mgmt., 79 M.S.P.R. 659, 661-62 (1998) (considering additional

evidence submitted to the full Board on reopening). In Fields, the petitioner was the first wife of a federal employee and was seeking survivor annuity benefits from OPM pursuant to the terms of the divorce decree. OPM found that because the deceased husband was married to a second wife at the time of his death, the second wife would share in the survivor annuity, and accordingly reduced petitioner's benefits. 79 M.S.P.R. at 660-61. Petitioner appealed OPM's decision to the Board, but the appeal was untimely. The full Board nonetheless reopened the case because OPM had plainly erred. The evidence conclusively demonstrated that the second wife had divorced the husband prior to his death, and was not entitled to share in the survivor annuity. Id. at 662. The full Board thus remanded the case to OPM for a new determination. See also Beck v. Gen. Servs. Admin., 86 M.S.P.R. 489 (2000) (reopening case despite untimely petition for review because the initial decision directly conflicted with this court's precedent). We agree with the Board that it has authority to reopen a case to prevent manifest injustice. See Wright v. United States Postal Serv., 183 F.3d 1328, 1332 (Fed. Cir. 1999) ("The board has broad discretion in deciding whether reconsideration of a decision is necessary to preserve consistency or achieve 'the right result.'" (citing Azarkhish, 915 F.2d at 679)).

The circumstances of this case are similar. OPM denied Timmers' claim for survivor annuity benefits because 5 U.S.C. § 8341(h) provides: "[A] former spouse of a deceased employee . . is entitled to a survivor annuity . . . if and to the extent expressly provided for . . . in the terms of any decree of divorce." OPM held that the decree did not "expressly" provide for a survivor annuity, and the administrative judge agreed. They are plainly wrong. The divorce decree, which was presented to OPM and the

administrative judge, unambiguously states: "[Timmers'] entitlement to death benefits is . . . fixed as of date of the Decree, utilizing the same apportionment as would be utilized if [Rausch] begins receiving his pension benefits at age 62." (Resp't App. at 41-42.) The reference to "death benefits" appears sufficient to establish an entitlement to a survivor annuity. Hokanson, 122 F.3d at 1046.

We recognize the broad discretion that the Board has in deciding whether to reopen a case pursuant to 5 C.F.R. § 1201.118. However, if there is not already "ample justification for the board to exercise this discretion here," Wright, 183 F.3d at 1332-33, there certainly is good reason for the Board to consider whether to exercise that discretion. OPM's reconsideration decision appears inconsistent with Hokanson, which would bring this case within the purview of Fields and Beck. At the same time, although she couched the request in terms of the timeliness issue, Timmers asked the Board to reopen. Under these particular circumstances, we think a remand is required. Thus, while we affirm the denial of the petition for review, we remand the case to the Board for it to determine whether OPM made a manifest error which requires reopening under 5 C.F.R. § 1201.118 under the rationale of Fields and Beck.

## CONCLUSION

The decision of the Board is affirmed insofar as it denied Timmers' petition for review. Otherwise, the case is remanded for further proceedings consistent with this opinion.

## COSTS

No costs.