NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3207

LAURA GRANDE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 9, 2005

_____

Before NEWMAN, MAYER, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Laura Grande appeals from a final decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") denial of her application for death benefits.  Grande v. Office of Pers. Mgmt., No. PH-0831-05-0218-I-1 (M.S.P.B. April 15, 2005) ("Initial Decision").  We affirm.

I

Laura Grande and Philip Grande, Jr. were married on November 12, 1987.  They divorced pursuant to a judgment of divorce entered on December 5, 2002.  The judgment incorporated a previously agreed upon "Stipulation of Settlement" of property.

The Stipulation of Settlement at paragraph 14 contains a brief section captioned "Pension" which states:

> Husband is employed by the U.S. Postal Service and is entitled to a pension as retirement benefits. The parties agree that the Wife shall receive her share of the pension benefits pursuant to Majauskas formula wherein the commencement date is the date of marriage, to wit, November 12, 1987, and the ending date is June 12, 1993.

No children were born of the marriage. Philip Grande, however, had a daughter by a previous relationship, Marlo Grande, who was born in 1975.

On May 17, 2004, Philip Grande died while he was still a federal employee. He never filed with OPM a designation of beneficiary to receive a lump-sum credit of his retirement funds upon his death. Following his death, Laura Grande, Marlo Grande, and Philip Grande's mother submitted applications for death benefits with OPM. Laura Grande sought death benefits in the form of a survivor annuity or a lump-sum credit of Philip Grande's retirement funds. On July 14, 2004, in an initial decision, OPM denied her application for a survivor annuity because the Stipulation of Settlement did not expressly provide for the annuity. Moreover, according to OPM, she was not eligible to receive a lump-sum credit of Philip Grande's retirement funds because she was not a widow. Because of this, Marlo Grande received the lump-sum credit, pursuant to the statutory order of precedence in 5 U.S.C. § 8342(c) (2000).

Laura Grande filed a request for reconsideration and OPM affirmed. In its reconsideration decision, OPM further clarified that the Stipulation of Settlement did not explicitly provide for a method to compute a survivor annuity to be paid to Laura Grande. Moreover, OPM stated that the lump-sum credit paid to Marlo Grande was not a payment for which Laura Grande was eligible.

Laura Grande appealed OPM's reconsideration decision to the Board. An administrative judge ("AJ") affirmed OPM's denial of her application for death benefits. The AJ agreed with OPM that the applicable statutes and regulations require a divorce decree to explicitly provide for survivor benefits, which the Stipulation of Settlement failed to do. The AJ also affirmed that she was not eligible to receive the lump-sum credit. Because Laura Grande did not petition for review of the Initial Decision with the Board, the Initial Decision became final. She timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II

This court must affirm the decision of the Board unless the decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Hokanson v. Office of Pers. Mgmt., 122 F.3d 1043, 1045 (Fed. Cir. 1997).

III

A

Laura Grande argues that the AJ erred in affirming OPM's decision to deny her application for death benefits. Specifically, she contends that her ex-husband agreed to pay her the benefits according to the Stipulation of Settlement. She further contends that the Stipulation of Settlement provides a method to compute the benefits.

The pertinent statute, 5 U.S.C. § 8341(h), states in part:

[A] former spouse of a deceased employee, Member, annuitant, or former Member who was separated from the service with title to a deferred annuity under section 8338(b) of this title is entitled to a survivor annuity under this subsection, if and to the extent expressly provided for in an

05-3207                          3

election under section 8339(j)(3) of this title, or in the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree.

(emphasis added).

The implementing regulations under 5 U.S.C. § 8341(h) emphasize that a court order must explicitly reference a former spouse survivor annuity. See, e.g., 5 C.F.R. § 838.804 (2005). This court has required an explicit statement of "survivor annuity" or "survivor benefits" in some form. See, e.g., Warren v. Office of Pers. Mgmt., 407 F.3d 1309, 1313-14 (Fed. Cir. 2005). Magic words are not necessary, but the divorce decree must be sufficient to be fairly read to award a survivor annuity, by, for example, using the phrase "survivor's benefit plan." Fox v. Office of Pers. Mgmt., 100 F.3d 141, 145-46 (Fed. Cir. 1996) (allowing the examination of extrinsic evidence, such as the parties' intent and circumstances surrounding the execution of the document to determine whether a term could be fairly read to award a survivor annuity).

The AJ determined that the Stipulation of Settlement did not expressly provide for a survivor annuity or survivor benefits. We agree with the AJ that "pension benefits" – the applicable phrase in the divorce decree – is not an express provision for a survivor annuity and cannot be fairly read to dictate that Laura Grande is to receive a survivor annuity. Substantial evidence supports the Board's finding that there was no express provision for a survivor annuity in the Stipulation of Settlement. Consequently, we need not and do not reach the issue of whether the Stipulation of Settlement contains sufficient and specific instructions as to how to compute the annuity.

Finally, the AJ determined that Philip Grande died while he was employed, and thus, never became an annuitant. Therefore, we agree with the AJ that the provisions

providing former spouse survivor annuity benefits by a retiring Federal employee, pursuant to 5 U.S.C. § 8339(j)(3), are not applicable to Laura Grande.

B

Although the Stipulation of Settlement did not expressly provide for a survivor annuity, the AJ addressed whether she was entitled to a lump-sum credit of Philip Grande's retirement funds. Unfortunately, Philip Grande had failed to designate a beneficiary, under 5 U.S.C. § 8342(b), to receive a lump-sum credit for his retirement funds upon his death.

According to 5 U.S.C. § 8342(c), the relevant order of precedence to dispense the lump-sum credit is: a designated beneficiary filed by the deceased employee or annuitant; a widow or widower; a child or children of the deceased employee or annuitant; and the surviving parents of the deceased employee or annuitant. The AJ determined that she was not eligible for the lump-sum credit because Philip Grande never filed a designation of beneficiary with OPM and Laura Grande was not the widow of Philip Grande when he died because they were divorced. Therefore, according to the statutory order of precedence, the lump-sum credit was paid to Marlo Grande because she was a child of Philip Grande. Substantial evidence supports the AJ's conclusion that Laura Grande could not be paid the lump-sum credit.

Finally, the AJ determined that the lump-sum credit was not subject to the Stipulation of Settlement. In regards to payment of retirement benefits, 5 U.S.C. § 8345(j)(1) states in part:

> Payments under this subchapter <u>which would otherwise be made to an employee, Member, or annuitant</u> based on the service of that individual shall be paid (in whole or in part) by [OPM] to another person <u>if and to the extent expressly provided for</u> in the terms of –

> (A) any court decree of divorce . . . or court-approved settlement agreement incident to any court decree of divorce . . . .

(emphasis added). Philip Grande was not eligible to receive the lump-sum credit payment, pursuant to 5 U.S.C. § 8345(j)(1), because he never separated from service. According to the AJ, for the Stipulation of Settlement to apply, Philip Grande would have had to separate from employment before being eligible for retirement and apply for a refund of the lump-sum credit. Therefore, the AJ concluded that if the lump-sum credit could not be paid to Philip Grande then the divorce decree could not compel OPM to pay the lump-sum credit to his former spouse. We agree.

C

Laura Grande also asserts that she should receive her husband's death benefits because she paid into Philip Grande's pension. Although this assertion was apparently not before the AJ, Laura Grande has not presented any evidence to support this assertion and we find no support in the record. Laura Grande's contention is insufficient to reverse the AJ's decision to deny her application for death benefits.

IV

As the AJ pointed out, Laura Grande's case is indeed a compelling case. The Stipulation of Settlement, however, is insufficient to provide her death benefits from Philip Grande's retirement funds according to the applicable statutes and regulations. Because substantial evidence supports the Board's conclusions that the Stipulation of Settlement is not an order acceptable for processing and dispensing a former spouse survivor annuity and that Laura Grande was not eligible to receive a lump-sum credit of Philip Grande's retirement funds, we affirm. Each side shall bear its own costs.