NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAE W. SIDERS,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3103

---

Petition for review of the Merit Systems Protection Board in No. AT0831120162-I-1.

---

Decided: October 11, 2013

---

MAE W. SIDERS, of Lake Park, Florida, pro se.

ZACHARY J. SULLIVAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM , Assistant Director. Of counsel on the brief was PAUL ST. HILLAIRE, Deputy Assistant General Counsel, Office of Personnel Management, of Washington, DC.

--------

Before PROST, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Mae Siders appeals from a decision of the Merit Systems Protection Board that affirmed the Office of Personnel Management's denial of her claim for a former-spouse survivor annuity. We affirm.

## BACKGROUND

Mae Siders and Clarence Siders, Jr., were married for 27 years before they divorced in 1993. That year, a Florida state court issued a final judgment of dissolution of marriage, which incorporated a property settlement agreement between the parties. The settlement agreement stated that Ms. Siders was "entitled to have a qualified domestic relations order entered . . . which shall provide that she receive fifty percent (50%) of [Mr. Siders's] United States Post Office pension if, as, and when he receives such pension." In October 1996, the same court issued a qualified domestic relations order stating that Ms. Siders was "hereby awarded fifty percent (50%) in [Mr. Siders's] entitlement under the United States Post Office Pension Plan."

In November 1996, OPM wrote to Ms. Siders regarding her "application for a portion of [her] former spouse's Federal retirement benefit." OPM explained that no benefits were payable at that time because Mr. Siders had "not yet retired or applied for a refund of retirement contributions." OPM also noted that there was "no reference to a survivor annuity award in th[e] court order," which meant that, as matters then stood, Ms. Siders was "ineligible for a court awarded survivor benefit." OPM added, however, that she could submit an amended court order "as long as [her] former spouse [wa]s not retired."

Mr. Siders died in May 2003, while he was still a federal employee. The following month, Ms. Siders filed an application for former-spouse survivor annuity benefits under the Civil Service Retirement System (CSRS), in which she claimed that a court order awarding her survivor benefits was "on record at OPM." OPM apparently denied the application shortly thereafter.

Seven years later, in 2010, Ms. Siders returned to Florida state court and filed a motion to amend the 1996 qualified domestic relations order. The court described her request as seeking to "clarify and specifically and expressly provide[] for [her] entitlement to the survivor annuity benefits." The court granted the motion and held that the amended language should be given retroactive effect, back to the date of the original order.

Having secured the amendment, Ms. Siders returned to OPM and filed another application for death benefits. In July 2011, OPM sent a letter denying her claim for a monthly survivor annuity. The next month, Ms. Siders again wrote to OPM asking the agency to consider her "ex-husband's case file," including the amended qualified domestic relations order. Although OPM's July 2011 letter granted "no reconsideration rights," the agency treated Ms. Siders's August 2011 letter as a request for reconsideration, addressed the merits of her claim, and affirmed its initial decision.[1]

---

[1] The reconsideration decision twice refers to Ms. Siders's claim as seeking "benefits under the Federal Employees Retirement System." We assume that this was a typographical error because (1) the July 2011 decision on review was for "a survivor annuity under the Civil Service Retirement System"; (2) the statute cited in the reconsideration letter, 5 U.S.C. § 8341, is the CSRS statute; (3) the qualified domestic relations order itself

Ms. Siders appealed to the MSPB, arguing that OPM's decision was based on outdated information and failed to take account of the amended qualified domestic relations order. In March 2012, an administrative judge affirmed the OPM decision that she was not entitled to a former-spouse survivor annuity. The judge explained that the original divorce decree was "silent on the question of a survivor annuity" and that the 2010 amendment was "ineffective under the statute" because it was issued "after the retirement and death of [Mr. Siders]." Ms. Siders filed a petition for review to the full Board, which denied the petition for the same reasons.

Ms. Siders appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

The Civil Service Retirement Spouse Equity Act of 1984, Pub. L. No. 98-615, 98 Stat. 3195, 3200-01, which is codified at 5 U.S.C. § 8341, extended eligibility for survivor benefits to former spouses of federal employees if certain conditions are met. Under Section 8341(h)(1),

> a former spouse of a deceased employee [or] annuitant . . . is entitled to a survivor annuity under this subsection, if and *to the extent expressly provided for in* . . . the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree.

(emphasis added). Although "'magic words'" are not required, this provision sets out a strict rule: a court order or settlement agreement, in order to convey a former-spouse survivor annuity, must do so unambiguous-

refers to benefits under the CSRS; and (4) the parties' briefs to this court focus on CSRS authorities.

ly. *Warren v. Office of Pers. Mgmt.*, 407 F.3d 1309, 1313 (Fed. Cir. 2005); *see also* 5 C.F.R. § 838.912 (giving examples of language that is sufficiently clear). Moreover, "an award directing the payment of a share of a federal employee's retirement benefits is distinct from, and will not be interpreted as, an award of a survivor annuity." *Hokanson v. Office of Pers. Mgmt.*, 122 F.3d 1043, 1046 (Fed. Cir. 1997).

The statute also strictly limits the period in which court orders and court-approved settlement agreements may be modified in order to provide for, or otherwise address, a former-spouse survivor annuity:

> For purposes of this subchapter, a modification in a decree, order, agreement, or election referred to in paragraph (1) of this subsection shall not be effective–
>
> > (A) if such modification is made after the retirement or death of the employee or Member concerned, and
> >
> > (B) to the extent that such modification involves an annuity under this subsection.

5 U.S.C. § 8341(h)(4). This prohibition includes orders that purport to "explain[], interpret[], or clarify[]" an earlier court order. 5 C.F.R. § 838.806(b); *see also* 5 C.F.R. § 838.1004(e)(4)(ii)(A); *Rafferty v. Office of Pers. Mgmt.*, 407 F.3d 1317, 1322 (Fed. Cir. 2005) ("[A] first order dividing marital property yet silent with respect to a survivor annuity cannot be altered by a subsequent order providing a survivor annuity."); *Hokanson*, 122 F.3d at 1045, 1048 (post-death order that "purported to clarify the divorce decree" was a "'modification' of th[e] decree and . . . therefore ineffective for purposes of awarding . . . a former spouse survivor annuity").

The MSPB properly affirmed OPM's denial of Ms. Siders's claims for a former-spouse survivor annuity

under these authorities. Like the 1993 settlement agreement, the 1996 court order refers only to a "fifty percent (50%) [share] in [Mr. Siders's] entitlement under the United States Post Office Pension Plan." That pertains to retirement benefits; it neither provides for a survivor annuity nor reserves disposition of the issue for later decision. Indeed, the "reference to '[f]ifty [p]ercent' of the benefits available has no sensible application to a survivor annuity, which by its nature is not shared between the retiree and the survivor." *Warren*, 407 F.3d at 1314. Accordingly, as OPM told Ms. Siders in November 1996, the original court order did not "expressly provide[] for" a survivor annuity.

Despite OPM's warning, we see no indication in the record that Ms. Siders sought to amend the qualified domestic relations order until 2010, years after Mr. Siders's death. That was too late. No matter what label is used to characterize the 2010 court order, two things are clear: the order issued after Mr. Siders's death, and it amended—*i.e.*, modified—the 1996 order by adding language about a survivor annuity that was absent from the original order. Pursuant to 5 U.S.C. § 8341(h)(4), therefore, the modification is ineffective for present purposes. *See, e.g.*, *Rafferty*, 407 F.3d at 1322; *Vaccaro v. Office Of Pers. Mgmt.*, 262 F.3d 1280, 1287 (Fed. Cir. 2001); *Hokanson*, 122 F.3d at 1047-48.

Before concluding, we address briefly Ms. Siders's statements claiming that the record is incomplete and that additional documents can and should be considered. First, to the extent that such documents post-date Mr. Siders's death, they could have no bearing on the 1996 qualified domestic relations order and would be ineffective for the same reason that the 2010 court-ordered amendment is. 5 U.S.C. § 8341(h)(4). Second, and in any event, the scope of our review is limited by statute to the record that was before the Board. 5 U.S.C. § 7703(c); *see also, e.g.*, *Oshiver on Behalf of Oshiver v. Office of Pers.*

*Mgmt.*, 896 F.2d 540, 542 (Fed. Cir. 1990).  And, on that record, we find that the Board properly sustained OPM's denial of Ms. Siders's application for a former-spouse survivor annuity.

No costs.

**AFFIRMED**