OPINION
{¶ 1} Plaintiff-appellant, Burdette L. Green, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting defendant-appellee, Lennis A. Green's, motion to enforce the provisions of a decree of divorce. Because the judgment is not a final appealable order, we dismiss the appeal.
 {¶ 2} Appellant and appellee were married from September 11, 1965 to December 31, 1993. During the course of their marriage, appellant was employed as a professor at the Ohio State University and was the primary wage earner.
 {¶ 3} On June 27, 1994, the trial court issued a decree of divorce terminating the marriage between appellant and appellee and ordering, inter alia, an equitable division of the marital property. The marital property included contributions appellant made to the State Teachers Retirement System ("STRS") during the course of the marriage. The court ordered this asset valued and distributed as follows:
Upon plaintiff's [appellant's] retirement, his contributions during the marriage shall constitute a numerator and his total contributions at the date of retirement shall constitute a denominator in forming a fraction; one-half of such fraction shall determine the final fraction of plaintiff's [appellant's] retirement in installment payments to which defendant [appellee] shall be entitled.
On appeal, this formula for calculating appellee's interest in his benefits was upheld. See Green v. Green (Mar. 30, 1995), Franklin App. No. 94APF07-1088.
 {¶ 4} Subsequently, the state legislature enacted R.C. 3105.80 et seq. (effective January 1, 2002) which established a procedure by which a court could order the administrator of a public retirement program to distribute benefits divided by a decree of divorce or dissolution directly to a non-participant ex-spouse. Such a distribution would be made pursuant to a division of property order ("DOPO").
 {¶ 5} On September 6, 2002, appellee filed a motion "to enforce the provision of decree of divorce" and a proposed DOPO. Appellee requested, among things, that the trial court issue the proposed DOPO requiring appellant to provide proof that appellant designated appellee as survivor and/or beneficiary of retirement benefits. At the time appellee filed this motion, appellant still worked for the Ohio State University and had not yet retired. In a judgment entry dated December 16, 2003, the trial court granted the motion and ordered the parties to (1) execute the DOPO; (2) submit said DOPO for approval by the STRS plan administrator; and (3) submit the DOPO for approval by the court.
 {¶ 6} Appellant appeals, assigning the following error:
The trial court's entry of December 16, 2003 is not the enforcement of the prior decree and since it changes the substance of the Court's prior decree, it should be set aside.
 {¶ 7} This court must initially determine whether we have subject-matter jurisdiction to consider the merits of this appeal. Subject-matter jurisdiction may not be waived or bestowed upon a court by the parties to the case. State ex rel. White v. Cuyahoga Metro. Hous.Auth. (1997), 79 Ohio St.3d 543, 544. R.C. 2505.03 limits the jurisdiction of appellate courts to the review of final orders, judgments and decrees. Id.; see, also, Section 3(B)(2), Article IV, Ohio Constitution. R.C. 2505.02(B) specifies what kind of orders, judgments, and decrees are final appealable orders.
 {¶ 8} Here, the only arguable support for concluding that the December 16, 2003 judgment entry is a final appealable order is R.C. 2505.02(B)(2), which provides that "[a]n order that affects a substantial right made in a special proceeding" is a final order. Divorce is a "special statutory proceeding" and, therefore, all ancillary issues related thereto must be analyzed as a special proceeding under R.C. 2505.02(B)(2). Shively v.Shively (Sept. 22, 1994), Franklin App. No. 94APF02-249 (divorce, custody, and spousal support constitute special statutory proceedings for purposes of R.C. 2505.02); State ex rel. Papp v. James (1994),69 Ohio St.3d 373 (divorce and ancillary issues related to divorce are special statutory proceedings). Therefore, because the division of marital property, including pension benefits, is clearly an ancillary issue in a divorce proceeding, the judgment of the trial court is final and appealable so long as it affects a "substantial right." Scott v. Scott
(Feb 8, 2000), Allen App. No. 1-99-79.
 {¶ 9} However, it is well-established that a judgment apportioning pension benefits between ex-spouses is not a final appealable order until such time as a qualified domestic relations order ("QDRO") or DOPO is entered. Until the court issues the QDRO or DOPO, there is no order directing the plan administrator to divide the benefits in a certain manner. Id. In other words, no "substantial right" of any party is affected until the court actually issues the QDRO or the DOPO. Procuniarv. Procuniar (Sept. 8, 1995), Greene App. No. 95-CA-19. Therefore, an order that merely requires parties to prepare and sign a QDRO or DOPO is not a final appealable order. See, e.g., Rash v. Rash,155 Ohio App.3d 106, 2003-Ohio-5688, at ¶ 13; Isaacson v. Isaacson
(Feb. 20, 2002), Wood App. No. WD-01-030; Marx v. Marx (Mar. 1, 2002), Lucas App. No. L-00-1297; Coutcher v. Coutcher, Lucas App. No. L-02-1054, 2003-Ohio-791; and Keith v. Keith, Lucas App. No. L-04-1011, 2004-Ohio-1334.
 {¶ 10} In the case at bar, the December 16, 2003 judgment entry merely directs the parties to execute the DOPO, submit the DOPO to the STRS plan administrator for approval, and then submit the DOPO to the trial court for approval. The judgment entry does not enter the DOPO. As noted above, a judgment apportioning pension benefits between ex-spouses is not a final appealable order until such time as the DOPO is entered by the court.
 {¶ 11} For the foregoing reasons, this appeal is dismissed.
Appeal dismissed.
Petree and Sadler, JJ., concur.