# United States Court of Appeals for the Federal Circuit

04-3323

ANNA M. RAFFERTY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Theresa L. Kilgore, Colorado Legal Services, of Colorado Springs, Colorado, argued for petitioner.

Lindsay E. Williams, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Deborah A. Bynum, Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3323

ANNA M. RAFFERTY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: May 18, 2005
_____

Before MICHEL, Chief Judge, LOURIE and PROST, Circuit Judges.

Opinion for the court filed by Chief Judge MICHEL. Concurring opinion filed by Circuit Judge PROST.

MICHEL, Chief Judge.

Anna M. Rafferty petitions for review of the final decision of the Merit Systems Protection Board ("Board") upholding the Office of Personnel Management's ("OPM's") decision denying her application for a former spouse survivor annuity. See Rafferty v. Office of Pers. Mgmt., No. DE0831030109-I-1 (M.S.P.B. Mar. 29, 2004). We heard oral argument on February 11, 2005. Because we agree with the Board that under our precedent in Vaccaro v. Office of Personnel Management, 262 F.3d 1280 (Fed. Cir. 2001), the court order awarding Ms. Rafferty a survivor annuity constitutes an improper

modification under 5 U.S.C. § 8341(h)(4) of a prior court order silent as to a survivor annuity, we affirm.

## BACKGROUND

### I.

The Civil Service Retirement Spouse Equity Act of 1984, Pub. L. No. 98-615, 98 Stat. 3195, 3200-01 ("CSRSEA" or "Act"), as codified at 5 U.S.C. § 8341, extended eligibility for survivor benefits to former spouses of federal employees. Prior to the enactment of the CSRSEA, OPM refused to honor court orders awarding a survivor annuity to a former spouse of a federal employee. H.R. Rep. No. 98-1054, at 10, 12 (1984), reprinted in 1984 U.S.C.C.A.N. 5540, 5542 ("Under current law, survivor benefits are voided if a marriage is dissolved. OPM will not honor court decrees which award survivor benefits to former spouses."). Congress passed the Act to close "a major gap in existing law," namely, "the lack of survivor benefits for former spouses." H.R. Rep. No. 98-1054, at 12, reprinted in 1984 U.S.C.C.A.N. at 5542. Under the Act,

> a former spouse of a deceased employee, Member, annuitant, or former Member who was separated from the service with title to a deferred annuity under section 8338(b) of this title is entitled to a survivor annuity under this subdivision, if and to the extent expressly provided for in an election under section 8339(j)(3) of this title, or in terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree.

5 U.S.C. § 8341(h)(1) (2000) (emphases added). The statute further provides:

> For purposes of this subchapter, a modification in a decree, order, agreement, or election referred to in paragraph (1) of this subsection shall not be effective--
>
> (A) if such modification is made after the retirement or death of the employee or Member concerned, and

(B) to the extent that such modification involves an annuity under this subsection.

5 U.S.C. § 8341(h)(4).

Congress authorized OPM to promulgate regulations to carry out the CSRSEA. See 5 U.S.C. § 8347(a) (2000) ("The Office of Personnel Management shall administer this subchapter . . . and prescribe such regulations as are necessary and proper to carry out this subchapter."). Consistent with the language of the statute, OPM's regulations require that a court order awarding a survivor annuity do so "expressly:"

[a] court order awarding a former spouse survivor annuity is not a court order acceptable for processing unless it expressly awards a former spouse survivor annuity or expressly directs an employee or retiree to elect to provide a former spouse survivor annuity as described in paragraph (b) of this section.

5 C.F.R. § 838.804(a) (2004). The regulations also require that

[f]or purposes of awarding, increasing, reducing, or eliminating a former spouse survivor annuity, or explaining, interpreting, or clarifying a court order that awards, increases, reduces or eliminates a former spouse annuity, the court order must be--

(i) Issued on a day prior to the date of retirement or date of death of the employee; or

(ii) The first order dividing the marital property of the retiree and the former spouse.

5 C.F.R. § 838.1004(e)(1) (2004) (emphases added). Section 1004 goes on to define the "first order dividing the marital property of the retiree and former spouse" ("first order dividing marital property") as

(A) The original written order that first ends . . . the marriage if the court divides any marital property (or approves a property settlement agreement that divides any marital property) in that order, or in any order issued before that order; or

(B) The original written order issued after the marriage has been terminated in which the court first divides any marital property (or first

approves a property settlement agreement that divides any marital property) if no marital property has been divided prior to the issuance of that order.

5 C.F.R. § 838.1004(e)(4)(i) (emphasis added). The regulations specifically define "first order dividing marital property" to exclude

(A) Any court order that amends, explains, clarifies, or interprets the original written order regardless of the effective date of the court order making the amendment, explanation, clarification, or interpretation; or

(B) Any court order issued under reserved jurisdiction or any other court orders issued subsequent to the original written order that divide any marital property regardless of the effective date of the court order.

5 C.F.R. § 838.1004(e)(4)(ii). Similarly, section 806 of part 838, entitled "amended court orders," provides that "a court order awarding a former spouse survivor annuity is not a court order acceptable for processing if it is issued after the date of retirement or death of the employee and modifies or replaces the first order dividing the marital property of the employee or retiree and the former spouse." 5 C.F.R. § 838.806(a) (2004) (emphasis added).

## II.

The following facts are not in dispute. Terrence and Anna Rafferty married in May 1974 and separated in May 1990. Mr. Rafferty retired from federal government service in April 1994. On his application for retirement, Mr. Rafferty represented that he was unmarried; he thus made no provisions concerning a survivor annuity for Ms. Rafferty.

In October 2000, Ms. Rafferty filed for divorce in the District Court, Fremont County, Colorado. Among other relief, she requested her "[m]arital share of pension benefits." On April 17, 2001, nunc pro tunc January 31, 2001, the court issued a decree

dissolving the marriage ("January 31 Order"). The January 31 Order divided no marital assets. Instead, the court issued a separate Permanent Order also dated April 17, 2001, nunc pro tunc February 15, 2001, that divided the Raffertys' property ("February 15 Order"). The February 15 Order, inter alia, awarded Ms. Rafferty her pro rata share of retirement benefits retroactive to October 2000, calculated at 31%. The court also reserved jurisdiction "to enter a separate Court Order Acceptable for Processing and any other amending orders necessary to carry out the Court's decision."

On March 2, 2001, Ms. Rafferty filed a motion to alter, amend, and clarify the judgment. Ms. Rafferty alleged that she had previously "requested that the Court order that [Mr. Rafferty] obtain a survivor annuity for [Ms. Rafferty] through the Civil Service Retirement System, if available." Ms. Rafferty thus asked that the court award her such relief. Mr. Rafferty opposed. Mr. and Ms. Rafferty ultimately came to an agreement, adopted by the court on July 11, 2001 ("July 11 Order"), that Mr. Rafferty will "contact the Office of Personnel Management (OPM) and request a survivor annuity for benefit of [Ms. Rafferty]. . . ."

On October 18, 2001, the court entered a Court Order Acceptable for Processing ("October 18 Order" or "COAP"), restating the retirement annuity benefits provided in the February 15 Order, and adding that "[u]nder § 8341(h)(1) of Title 5, United States Code, Anna M. Rafferty is awarded the maximum possible former spouse survivor annuity under the Civil Service Retirement System."

On February 13, 2002, OPM denied Ms. Rafferty's application for a former spouse survivor annuity, explaining that the court order awarding the annuity constituted

a prohibited modification of the first court order dividing marital property. OPM affirmed that decision on reconsideration. Ms. Rafferty appealed to the Board.

In an Initial Decision, the Administrative Judge ("AJ") upheld OPM's decision denying Ms. Rafferty former spouse survivor annuity benefits. Rafferty v. Office of Pers. Mgmt., No. DE0831030109-I-1 (M.S.P.B. May 1, 2003). The AJ reasoned that, under Vaccaro v. Office of Personnel Management, 262 F.3d 1280 (Fed. Cir. 2001), the court order awarding Ms. Rafferty a survivor annuity "was an improper modification of the initial divorce decree pursuant to 5 U.S.C. § 8341(h)(1) and 5 C.F.R. [§] 838.1004(e)(4) because the February of 2001 order initially divided the appellant's former spouse's retirement annuity and did not expressly provide for a former spouse survivor annuity." The AJ's decision became final when the full Board denied Ms. Rafferty's petition for review.

Ms. Rafferty timely petitioned for review by this court under 5 U.S.C. § 7703. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

**DISCUSSION**

I.

Our review of the Board's decision is limited by statute. Specifically, this court must affirm the Board's decision unless it finds the decision to be arbitrary, capricious, an abuse or discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Carreon v. Office of Pers. Mgmt., 321 F.3d 1128, 1130 (Fed. Cir. 2003).

Ms. Rafferty makes three arguments on appeal. First, Ms. Rafferty contends that the February 15 Order reserving jurisdiction to enter a Court Order Acceptable for Processing constitutes an express award of a survivor annuity, because OPM's regulations at 5 C.F.R. § 838.103 define the term "Court Order Acceptable for Processing" as "a court order as defined in this section that meets the requirements of subpart C of this part to affect an employee annuity, subpart E of this part to affect a refund of employee contributions, or subpart H of this part to award a former spouse survivor annuity." Second, and in the alternative, Ms. Rafferty argues that the February 15 Order either deferred awarding her a survivor annuity or made no provision regarding such an annuity. Under either scenario, Ms. Rafferty claims, the October 18 Order was the "first order" awarding her a former spouse survivor annuity rather than a prohibited modification. Finally, Ms. Rafferty challenges the validity of the OPM regulations implementing 5 U.S.C. § 8341(h). To this end, Ms. Rafferty asserts that the regulations, 5 C.F.R. §§ 838.806 and 838.1004, are inconsistent with the statute to the extent they require that an order awarding a former spouse survivor annuity issued after the retirement or death of an eligible employee be the "first order" dividing marital property. The term "first order," Ms. Rafferty explains, appears nowhere in the statute and contradicts its plain language, which only prohibits "modifications" of prior orders incident to a divorce that concern a survivor annuity.

The government responds that the October 18 Order awarding Ms. Rafferty a survivor annuity, issued after Mr. Rafferty's retirement, modifies the first order dividing the marital property of the retiree and former spouse and is, therefore, ineffective to

award a survivor annuity under 5 U.S.C. § 8341(h) and 5 C.F.R. § 838.1004(e)(1).  In addition, the government contends, as did the AJ, that our decision in Vaccaro controls the outcome of Ms. Rafferty's appeal.  We agree.

In that case, Mr. Vaccaro retired from the Postal Service in 1981.  "In his application for retirement, he elected to receive a reduced monthly annuity payment so that his spouse would be entitled to a survivor annuity."  Vaccaro, 262 F.3d at 1282.  Mr. and Mrs. Vaccaro divorced in 1996.  The 1996 order dissolving the marriage also distributed the marital assets, yet deferred division of Mr. Vaccaro's Civil Service Pension as long as he made support payments to his former spouse.  The court retained jurisdiction over the retirement benefits "to insure [Ms. Vaccaro] receives her share of the community interest in the retirement."  After Mr. Vaccaro's death in 1997, the court issued an order awarding his former spouse a survivor annuity.  OPM denied her application, stating that the 1997 order did not qualify as the first order dividing marital property.  The Board sustained OPM's decision.

We affirmed, explaining:

When, as was the case in Love,[1] a divorce decree provides that

---

[1]    In Newman v. Love, 962 F.2d 1008 (Fed. Cir. 1992), we held that where the original divorce decree dissolves the marriage but does not divide marital assets, a subsequent order that divides those assets, including a former spouse survivor annuity, is not a "modification" of the initial order within the meaning of 5 U.S.C. § 8341(h)(4).  We thus affirmed the Board's decision finding the predecessor of section 1004(e) an invalid implementation of 5 U.S.C. § 8341(h).  The regulation then in effect, 5 C.F.R. § 831.1704(e) (1989), required that an order awarding a former spouse survivor annuity issued after the death or retirement of the employee be "the first order terminating the marital relationship between the retiree and the former spouse."  We reasoned that the regulation was ill-tailored to widely available bifurcated divorce proceedings, whereby the state court first issued an order dissolving the marriage, and later issued an order distributing marital property.  Following Love, OPM amended its regulations to replace the phrase "first order terminating the marital relationship" with "the first order dividing

matters relating to property division are reserved for future consideration and judicial disposition, the divorce proceedings are bifurcated. In such a case, when the subsequent proceedings divide marital property, including civil service retirement annuity benefits, and provide for a survivor annuity in the manner required by 5 U.S.C. §8341(h)(1) and the pertinent OPM regulation, there is no conflict with 5 U.S.C. §8341(h)(4). The reason is that there is no "modification" of a §8341(h)(1) decree. That is because there is one, and only one, decree that divides marital property. <u>On the other hand, a decree that divides marital property, including retirement benefits, without expressly providing for, or reserving disposition of, a survivor annuity cannot be altered after the employee's death by a court order that purports to award such an annuity</u>. Such a court order runs afoul of the provisions of § 8341(h)(4) because it constitutes a prohibited modification of the original decree. It is a prohibited modification of the original decree because it alters the terms of the original decree (by adding something - a survivor annuity - to those terms), and because it comes "after the . . . death of the employee" and "involves" a survivor annuity under 5 U.S.C. § 8341(h).

262 F.3d at 1287 (internal citation omitted) (footnote and emphasis added).

The <u>Vaccaro</u> court reasoned that "the 1996 decree did not meet the requirements of 5 U.S.C. § 8341(h)(1) and OPM's regulations for the express provision of a survivor annuity." <u>Id</u>. The second (1997) order, however, changed the 1996 decree by adding a survivor annuity. Therefore, "[t]he 1997 order was ineffective as a matter of law under 5 U.S.C. § 8341(h)(4) because it modified the 1996 decree after Mr. Vaccaro's death by providing a survivor annuity when the 1996 decree made no mention of such an annuity." <u>Id.</u> In sum, <u>Vaccaro</u> held that under the language of the statute, a first order dividing marital property yet silent with respect to a survivor annuity cannot be altered by a subsequent order providing a survivor annuity.

---

the marital property of the retiree and the former spouse." <u>See</u> Court Orders Affecting Retirement Benefits, 57 Fed. Reg. 33570 (1992).

Like the 1996 order in Vaccaro, the original order dividing marital property in this case contained no mention of a survivor annuity. And, like the 1997 order in Vaccaro, the October 18 Order here provided such an annuity. Thus, applying the holding of Vaccaro, the October 18 Order constitutes a prohibited modification of the original order under 5 U.S.C. § 8341(h)(4). Vaccaro controls.

We now turn to Ms. Rafferty's arguments on appeal. Vaccaro, at least implicitly, sanctions OPM's regulations requiring that a survivor annuity, after the retirement or death of the employee, be awarded by "[t]he first court order dividing the marital property" as consistent with the language of the statute. Our decision in Vaccaro thus precludes Ms. Rafferty's arguments that OPM's regulations are invalid.

We are also unpersuaded by Ms. Rafferty's argument that the February 15 Order either expressly awarded or deferred awarding a survivor annuity by reserving jurisdiction to enter a COAP. Such a reservation fails to meet the statutory requirement that any award of a survivor annuity in a court order incident to divorce must be "express." See Hokanson v. Office of Pers. Mgmt., 122 F.3d 1043, 1047 (Fed. Cir. 1997) ("The statute and regulations are clear. An award of a former spouse survivor annuity must be express. This requirement is not a mere technicality; it provides for a clear allocation of rights between the interested parties.").

Ms. Rafferty's argument that the February 15 Order deferred the award of a survivor annuity by reserving jurisdiction to enter a COAP fares no better. OPM regulations specifically exclude from the definition of "first order dividing marital property" any court order "issued under reserved jurisdiction or any other court orders issued subsequent to the original written order that divide any marital property

regardless of the effective date of the court order." 5 C.F.R. § 838.1004(e)(4)(ii)(B) (emphases added).

Neither does the dictum in Vaccaro help Ms. Rafferty. Vaccaro suggests that a second order may be effective to award a survivor annuity so long as division of a survivor annuity was expressly reserved in a first order. 262 F.3d at 1287 ("On the other hand, a decree that divides marital property, including retirement benefits, without expressly providing for, or reserving disposition of, a survivor annuity cannot be altered after the employee's death by a court order that purports to award such an annuity."). First, Vaccaro's suggestion that either an express award of a survivor annuity or its express deferral in the first order dividing marital property qualifies to award survivor benefits under the statute appears contrary to OPM's regulations. Those regulations require that any order awarding a survivor annuity after the death or retirement of an employee be the "first order dividing marital property," the "first order," in turn defined to exclude "any court order issued under reserved jurisdiction." See 5 C.F.R. § 838.1004(e)(1); 5 C.F.R. § 838.806; 5 C.F.R. § 838.1004(e)(4)(ii)(B). Second, even if we were inclined to follow the dictum in Vaccaro, the February 15 Order contains no "express" reservation to provide for a survivor annuity. As noted above, the February 15 Order reserved jurisdiction "to enter a separate Court Order Acceptable for Processing and any other amending orders necessary to carry out the Court's decision." Because the language of the reservation contains nothing specific to a survivor annuity, the jurisdictional reservation in the February 15 Order fails to qualify as "express." Instead, the February 15 Order generically reserves jurisdiction to enter a COAP — its contents unspecified. A jurisdictional reservation to enter a COAP, without language

expressly reserving jurisdiction over a former spouse survivor annuity, is insufficient to expressly defer the award of such an annuity. Merely because under OPM's regulations, not referenced in the February 15 Order, a Court Order Acceptable for Processing could, among other things, constitute an order "that meets the requirements of . . . subpart H of this part to award a former spouse survivor annuity" does not convert the reservation of jurisdiction into one that expressly defers the award of a survivor annuity. Accordingly, we need not consider here the apparent tension between our decision in Vaccaro and OPM regulations requiring that to award a survivor annuity, an order issued after the death or retirement of an employee must be the first order incident to divorce that divides marital property. That question remains for another day.

We thus conclude that the October 18 Order altered the February 15 Order, the first order dividing the Raffertys' marital property by adding a provision concerning a survivor annuity when the first order was silent as to such an annuity. Because the October 18 Order thus constitutes a "modification" in an order issued after Mr. Rafferty's retirement pertaining to a survivor annuity, prohibited by 5 U.S.C. § 8341(h)(4), OPM correctly considered the October 18 Order ineffective to award Ms. Rafferty a survivor annuity.

While we find this result unfortunate, especially in light of Mr. Rafferty's representation at retirement that he was unmarried and his subsequent consent to provide a survivor annuity for his former spouse, we are nevertheless constrained to follow the interpretation of the relevant statutory provisions set forth by our precedent.

**CONCLUSION**

The Board's final decision sustaining OPM's denial of a former spouse survivor annuity is

AFFIRMED.

# United States Court of Appeals for the Federal Circuit

04-3323

ANNA M. RAFFERTY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

PROST, <u>Circuit Judge</u>, concurring.

The majority recognizes but declines to resolve the inconsistency between our interpretation of 5 U.S.C. § 8341(h) in <u>Vaccaro v. Office of Personnel Management</u>, 262 F.3d 1280 (Fed. Cir. 2001), and the Office of Personnel Management's ("OPM's") regulations purporting to carry out the same statutory subsection, saying the question "remains for another day." <u>Ante</u>, at 12. Nevertheless, the majority applies <u>Vaccaro</u>'s interpretation of the statute and finds that Ms. Rafferty is not entitled to a survivor annuity. <u>Ante</u>, at 11. I believe, however, that today is the day to resolve the inconsistency: OPM's regulations contradict the plain meaning of 5 U.S.C. § 8341(h) to the extent they categorically disallow an express grant of a survivor annuity during divorce proceedings because the grant is not in the first order dividing marital property. When a first order dividing marital property expressly reserves jurisdiction to dispose of the issue of a survivor annuity in a subsequent order, the subsequent order does not modify the first order.

OPM's regulations require that a grant of a survivor annuity be in a first order dividing marital property. 5 C.F.R. §§ 838.806; 838.1004(e)(1)(ii), (e)(4)(i) (2004). They also specifically exclude from the definition of a first order dividing marital property any court order "issued under reserved jurisdiction." 5 C.F.R. § 1004(e)(4)(ii)(B) (2004). However, 5 U.S.C. § 8341(h)(1) allows a survivor annuity to be "expressly provided for in . . . any court order . . . incident to such decree [of divorce or annulment]"; it does not require a grant or denial to be in a first court order incident to a decree of divorce or in a first order dividing marital property. Accordingly, in <u>Vaccaro</u>, we interpreted the term "provided for" in 5 U.S.C. § 8341(h)(1) to encompass both express grants and denials of a survivor annuity as well as express reservations of jurisdiction to grant or deny such an annuity. Furthermore, while 5 U.S.C. § 8341(h)(4) restricts the breadth of the language in § 8341(h)(1), it only requires that an order granting or denying a survivor annuity not modify a previous order: "a modification in a[n] . . . order . . . shall not be effective . . . to the extent that such modification involves an annuity under this subsection." Insofar as OPM's regulations do not take into account whether a first order expressly reserves jurisdiction to address disposition of a survivor annuity in a subsequent order, OPM's regulations contradict the plain meaning of 5 U.S.C. § 8341(h) and therefore are invalid.

When a first order expressly reserves jurisdiction to dispose of the issue of a survivor annuity in a subsequent order, the subsequent order is not a modification because it cannot be inconsistent with the first order, regardless of whether the subsequent order grants or denies a survivor annuity. Additionally, if and when a first order expressly reserves jurisdiction to grant or deny a survivor annuity, the second

order merges into the first order nunc pro tunc. The second order effectively becomes part of the first order and so cannot constitute a modification of the first order.

Consistent with 5 U.S.C. § 8341(h)(4), our case law requires OPM to consider whether an order is a prohibited modification. In Newman v. Love, we held that the plain meaning of 5 U.S.C. § 8341(h) does not prevent state courts from granting survivor annuities when the state courts utilize bifurcated divorce proceedings. 962 F.2d 1008, 1011-13 (Fed. Cir. 1992). We explained that a bifurcated divorce proceeding occurs when a decree of divorce dissolves a marriage but does nothing with respect to property other than explicitly reserve division of property, followed by an order that divides property. Id. We held that "[t]he initial property order does not change, alter or limit anything" and therefore is not an improper modification. Id. at 1011.

Moreover, consistent with both 5 U.S.C. § 8341(h)(1) and (h)(4), our case law also requires OPM to consider whether jurisdiction was reserved over a survivor annuity. In this regard, Love turned on whether jurisdiction was reserved to dispose of marital property. In addition, as the majority apparently concedes, ante, at 11, the test set forth in Vaccaro requires inquiring into whether jurisdiction is reserved over a survivor annuity. 262 F.3d at 1287.

Accordingly, in my view, in order to resolve this case we must determine whether the February 15 Order expressly reserved jurisdiction over a survivor annuity. In this regard, I agree with the majority that the express reservation of jurisdiction to enter a Court Order Acceptable for Processing ("COAP") in the February 15 Order is insufficiently explicit with respect to a survivor annuity. While OPM's definition of a

04-3323                                          3

COAP includes potential dispensation of a survivor annuity, see 5 C.F.R. § 838.103 (2004), the majority is right to require a more explicit reference to a survivor annuity in a first order.

Since the February 15 Order failed explicitly to reserve jurisdiction over a survivor annuity, the October 18 Order purporting to grant Ms. Rafferty a survivor annuity was an ineffective modification. See 5 U.S.C. § 8341(h)(4) (2000). Thus, I respectfully concur.