NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3073

KATHRYN A. HINOJOSA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

———————————————

DECIDED:  November 9, 2006

———————————————

Before LOURIE, RADER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

## DECISION

Kathryn A. Hinojosa petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the reconsideration decision of the Office of Personnel Management ("OPM") denying Ms. Hinojosa's application for a former spouse survivor annuity.  Hinojosa v. Office of Pers. Mgmt., No. CH0831050485-I-1 (M.S.P.B. October 4, 2005) ("Final Decision").  We affirm.

DISCUSSION

I.

Ms. Hinojosa is the former spouse of Enrique Hinojosa ("Mr. Hinojosa"), who retired from federal service as an air traffic controller on March 3, 2003. At the time of his retirement, Mr. Hinojosa elected to receive a reduced annuity with a survivor benefit for Ms. Hinojosa. On July 21, 2003, Mr. and Ms. Hinojosa divorced, and the Court of Common Pleas for Sandusky County, Ohio ("state court") issued a divorce decree, entitled Consent Final Judgment Entry ("July Order"). The July Order contained a division of the marital property, including pension benefits, specifically stating that Ms. Hinojosa was awarded "50% of the marital portion" of Mr. Hinojosa's "retirement benefit." The July Order provided that the parties were to agree on a Qualified Domestic Relations Order ("QDRO") and outlined several assumptions to govern the QDRO, including one stating that "the benefits assigned to the alternate payee (Wife) shall include any and all temporary and supplemental benefits." The July Order also specified that the state court retained "jurisdiction with respect to the QDRO to the extent required to maintain its qualified status and original intent of the parties" and "jurisdiction to enter further orders as are necessary to enforce the assignment of the benefits" to Ms. Hinojosa. The July Order also provided that Mr. Hinojosa "shall not take actions, affirmative or otherwise, that can circumvent the terms and provisions of the [QRDO], or that may diminish or extinguish the rights and entitlements" of Ms. Hinojosa.

On August 8, 2003, Mr. Hinojosa married Vallie Valentine. On October 29, 2003, the state court issued the QDRO ("October Order"), which provided that Ms. Hinojosa

would receive the maximum possible former spouse survivor annuity unless Mr. Hinojosa elected to provide a survivor annuity for a new spouse married after retirement in which case Ms. Hinojosa would receive a pro-rata share of the former spouse annuity.

Ms. Hinojosa submitted both the July and October Orders to OPM when she applied for a former spouse survivor annuity on June 29, 2005. OPM, in its February 14, 2005 reconsideration decision, denied Ms. Hinojosa's claim for a survivor annuity, finding that the July Order was the first order dividing marital property and that the October Order was an impermissible modification of the July Order because, under 5 C.F.R. § 838.806, a first order dividing marital property cannot be modified after the retirement or death of the employee. OPM also determined that the language of the July Order did not expressly provide a former spouse survivor benefit, as required under 5 C.F.R. § 838.804.

Ms. Hinojosa timely appealed to the Board. In an initial decision dated June 2, 2005, the administrative judge to whom the appeal was assigned sustained the agency's action. Hinojosa v. Office of Pers. Mgmt., No. CH0831050485-I-1 (M.S.P.B. June 2, 2005) ("Initial Decision"). The Initial Decision became the final decision of the Board on October 4, 2005 when the Board denied Ms. Hinojosa's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.  5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

We held, in both Vaccaro v. Office of Personnel Management, 262 F.3d 1280, 1287 (Fed. Cir. 2001) and Rafferty v. Office of Personnel Management, 407 F.3d 1317, 1323 (Fed. Cir. 2005), that a second court order awarding a survivor annuity was an improper modification of a first court order, which did not mention an annuity, under 5 U.S.C. § 8341(h)(4) and the pertinent OPM regulations, including 5 C.F.R. § 838.806.[1] On appeal, Ms. Hinojosa argues that Vaccaro and Rafferty are distinguishable from her case because Congress did not intend for section 8341(h)(4) to apply to parties who were married at the time of retirement and who subsequently divorce as long as the spouse did not waive her right to a survivor annuity, the modification does not increase the survivor annuity beyond what was agreed to in the retirement application, and the

---

[1]     Section 8341(h)(4) states:
> For purposes of this subchapter, a modification in a decree, order, agreement, or election referred to in paragraph (1) of this subsection shall not be effective—
> (A) if such modification is made after the retirement or death of the employee or   Member concerned, and
> (B) to the extent that such modification involves an annuity under this subsection.

In addition, section 838.806(b) provides:
> For purposes of awarding, increasing, reducing, or eliminating a former spouse survivor annuity, or explaining, interpreting or clarifying a court order that awards, increases, reduces or eliminates a former spouse survivor annuity, the court order must be—
> (1) Issued on a day prior to the date of retirement or date of death of the employee; or
> (2) The first order dividing the martial property of the retiree and the former spouse.

employee has not died. Ms. Hinojosa therefore contends that the October Order did not impermissibly modify the July Order in violation of section 8341(h)(4).

Ms. Hinojosa's contention is without merit for two reasons. First, Vaccaro and Rafferty are not distinguishable from the present case because 5 C.F.R. § 838.806 lays out specific requirements for court orders awarding survivor annuities based on the timing and content of the court orders and not based on the funding of the annuities or the employee's death. Second, the clear and unambiguous language of section 8341(h)(4) and 5 C.F.R. § 838.806 defeats Ms. Hinojosa's arguments regarding legislative history and Congressional intent because clear and unambiguous statutory language must be interpreted according to its plainly-expressed terms. See Consumer Reports Safety Comm'n v. GTE Sylvania, 447 U.S. 102, 108 (1980). We see no error in the Board's decision that the October Order was an impressible modification of the July Order.

Ms. Hinojosa alternatively argues that the July Order itself awarded Ms. Hinojosa a survivor annuity. Specifically, Ms. Hinojosa maintains that the language in the order "any and all temporary and supplemental benefits" and the prohibition against Mr. Hinojosa taking "actions, affirmative or otherwise, that can circumvent the terms and provisions of the [QRDO], or that may diminish or extinguish the rights and entitlements of the non-participant (Wife)" expressly provide for a survivor annuity. Even though we held that "magic words" are not required to award a survivor annuity, a court order or settlement agreement must contain a "clause which could fairly be read as awarding a [Civil Service Retirement System] survivor annuity." Fox v. Office of Pers. Mgmt., 100

F.3d 141, 145-46 (Fed. Cir. 1996). Here, the July Order contains no term that could be fairly read to award a survivor annuity.

Finally, we have considered Ms. Hinojosa's claim that the state court in the July Order reserved jurisdiction to award Ms. Hinojosa a survivor annuity in the October Order. Ms. Hinojosa's argument that a reservation of jurisdiction is permissible is directly contrary to OPM regulations. OPM regulations disallow the use of reservations since an order awarding a survivor annuity must be the first order and the first order does <u>not</u> include any court order issued under reserved jurisdiction. <u>See</u> 5 C.F.R. §§ 838.806, 838.1004(e)(4)(ii)(B); <u>see also</u> <u>Rafferty</u>, 407 F.3d at 1323. The state court therefore could not properly reserve jurisdiction to award Ms. Hinojosa a survivor annuity.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.