NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUNE PARKS,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3032

---

Petition for review of the Merit Systems Protection Board in No. SF0831120564-I-1

---

Decided: June 11, 2013

---

JUNE PARKS, of Oceanside, California, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, REGINALD T. BLADES, Jr., and PATRICIA M. MCCARTHY, Assistant Directors.

---

Before NEWMAN, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

### DECISION

June Parks petitions for review of a final decision of the Merit Systems Protection Board, which affirmed the finding by the Office of Personnel Management (OPM) that she was not entitled to a former-spouse survivor annuity under the Civil Service Retirement System (CSRS). We affirm.

### BACKGROUND

June and Willie Lee Parks married each other in 1964. In January 1998, during their marriage, Mr. Parks retired from the federal civil service, eligible for CSRS post-employment annuity benefits. At the time, he elected to reduce the annuity he would receive in order to provide for a survivor annuity that would be paid to Ms. Parks if he died.

The couple divorced on December 12, 2005. The judgment that dissolved their marriage, issued by the Superior Court of California, County of San Diego, ordered a property division pursuant to an attached settlement agreement signed by both parties. The 2005 settlement agreement sought "to effect a complete and final settlement" of "[a]ll of the respective property right[s] of the parties" and "[t]he obligations of each party for the support of the other." Among other provisions, the 2005 settlement agreement specified that the "Husband's gross monthly income is $4,291.00 from his retirement and social security" and required that the "Husband shall pay spousal support to the Wife in the amount of $1,354.00 per month." The 2005 settlement agreement never refers to the CSRS survivor annuity.

On January 17, 2006, Mr. Parks wrote to OPM to request the cancellation of Ms. Parks's survivor annuity, thereby raising the amount of his own annuity benefits. OPM made the adjustments as of January 1, 2006.

On July 16, 2008, the Superior Court of California, County of San Diego, issued a Qualified Domestic Relations Order that specifically addressed Mr. Parks's CSRS benefits. The 2008 order assigned to Ms. Parks 36% of Mr. Parks's monthly pension benefits, while also providing that, should he predecease her, she would be "eligible to receive a post-retirement surviving spousal annuity" in "accordance with the election made by [Mr. Parks] on the date of his retirement." The 2008 order made no mention of Mr. Parks's 2006 cancellation of the survivor annuity.

Mr. Parks died on November 6, 2011. Six weeks later, on December 19, 2011, Ms. Parks applied to OPM for a CSRS survivor annuity. OPM issued an initial decision that denied her application in February 2012. Ms. Parks requested reconsideration, and on May 11, 2012, OPM issued a final decision that affirmed its initial denial. Ms. Parks then appealed to the MSPB, which, on August 31, 2012, affirmed the OPM decision that she was not entitled to a former-spouse survivor annuity. *Parks v. Office of Pers. Mgmt.*, No. 12-564, slip op. at 5-6 (M.S.P.B. Aug. 31, 2012). The Board found that the first order dividing the Parks's marital property—the 2005 divorce judgment, with its attached settlement agreement—did not entitle her to a survivor annuity and that the 2008 order was ineffective for CSRS purposes under 5 U.S.C. § 8341(h)(4) because it was a modification of the first judgment dividing marital property. *Parks*, *supra*, at 2, 5.

Ms. Parks timely petitioned for review by this court under 5 U.S.C. § 7703. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court's jurisdiction to review decisions of the MSPB is limited by statute. Specifically, this court must affirm the Board's decision in this case unless it finds the decision to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without

procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Carreon v. Office of Pers. Mgmt.*, 321 F.3d 1128, 1130 (Fed. Cir. 2003). We find none of these defects.

The Civil Service Retirement Spouse Equity Act of 1984, Pub. L. No. 98-615, 98 Stat. 3195, 3200-01, which is codified at 5 U.S.C. § 8341, extended eligibility for survivor benefits to former spouses of federal employees if certain conditions are met. Under Section 8341(h)(1),

> a former spouse of a deceased employee [or] annuitant ... is entitled to a survivor annuity under this subsection, if and *to the extent expressly provided for in* ... the terms of any decree of divorce or annulment or *any court order or court-approved property settlement agreement incident to such decree.*

(emphasis added). The statute further provides:

> For purposes of this subchapter, a modification in a decree, order, agreement, or election referred to in paragraph (1) of this subsection shall not be effective–
>
> > (A) if such modification is made after the retirement or death of the employee or Member concerned, and
> >
> > (B) to the extent that such modification involves an annuity under this subsection.

5 U.S.C. § 8341(h)(4).

In this case, the 2005 settlement agreement, by failing to provide expressly for a survivor annuity, did not meet the requirements of 5 U.S.C. § 8341(h)(1). The parties intended the 2005 settlement agreement to effect a complete and final settlement of all their respective property rights. The 2005 settlement agreement divided

various specified items of marital property and provided for a monthly payment to Ms. Parks of a portion of Mr. Parks's gross monthly income, including his retirement benefits, yet made no mention of a survivor annuity. It neither provided for a survivor annuity nor reserved disposition of the issue for later decision.

The subsequent 2008 order, while expressly providing for a survivor annuity, constituted a modification of the initial 2005 settlement agreement. 5 U.S.C. § 8341(h)(4) declares such a modification to be ineffective for present purposes. Applying the statutory provision, this court has recognized that "a decree that divides marital property, including retirement benefits, without expressly providing for, or reserving disposition of, a survivor annuity cannot be altered after the employee's death [or retirement] by a court order that purports to award such an annuity." *Vaccaro v. Office Of Pers. Mgmt.*, 262 F.3d 1280, 1287 (Fed. Cir. 2001); *see Rafferty v. Office of Pers. Mgmt.*, 407 F.3d 1317, 1322 (Fed. Cir. 2005) ("[A] first order dividing marital property yet silent with respect to a survivor annuity cannot be altered by a subsequent order providing a survivor annuity."). The Board therefore correctly held that OPM, in denying the annuity to Ms. Parks, acted as required by the statute (and implementing regulations, *see* 5 C.F.R. §§ 838.806(b)(2), 838.806(f)(1)). One might well try to parse the initial 2005 settlement agreement and the 2008 order to determine just how different they are; but where, as here, there is a relevant property allocation and no reservation, that is precisely the analysis that Congress enacted the statutory provision to ensure OPM would not do. *See Vaccaro*, 262 F.3d at 1291 (Dyk, J., dissenting) (quoting congressional committee report).

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board sustaining OPM's denial of Ms. Parks's application for a survivor annuity.

No costs.

**AFFIRMED**