[Cite as *Taylor v. Taylor*, 2018-Ohio-2530.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Calvin L. Taylor | : | |
| Defendant-Appellant, | : | |
| v. | : | No. 17AP-763 |
| | | (C.P.C. No. 14DR-1977) |
| Nancy D. Taylor | : | |
| | | (ACCELERATED CALENDAR) |
| Plaintiff-Appellee. | : | |

D E C I S I O N

Rendered on June 28, 2018

**On brief:** *Farlow and Associates, LLC,* and *Beverly J. Farlow*, for appellant.

**On brief:** *Harry Lewis Co., LPA,* and *Gregg R. Lewis*, for appellee. **Argued:** *Gregg R. Lewis.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

TYACK, J.

{¶ 1} Defendant-appellant, Calvin L. Taylor ("Mr. Taylor"), appeals from a October 2, 2017 "Military Retired Pay Division Order" of the Franklin County Court of Common Pleas, Division of Domestic Relations. We affirm the trial court's order.

{¶ 2} Mr. Taylor and appellee, Nancy D. Taylor ("Ms. Taylor"), were married on March 29, 1969 in Worthington, Ohio. There were two children born as issue of the marriage, both now emancipated. The parties were granted a divorce decree on June 29, 2016, and the trial court retained jurisdiction to sign any division of property order ("DOPO") or qualified domestic relation order ("QDRO") in accordance with the retirement accounts.

{¶ 3}    On October 2, 2017, the trial court issued a DOPO stating: "The Court hereby orders that the Former Spouse shall be treated as the Member's irrevocable beneficiary under the Survivor Benefit Plan ("SBP"), in accordance with the election made by the Member on his date of retirement."  (Oct. 2, 2017 Military Retired Pay Division Order at ¶ 8.)  Mr. Taylor filed a notice of appeal on October 30, 2017, arguing that the trial court erred in awarding the survivor benefits to Ms. Taylor.

{¶ 4}    Mr. Taylor lists one assignment of error for our consideration:

> THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS ISSUANCE OF THE DOPO ON OCTOBER 2, 2017, MODIFYING THE DECISION AND JUDGMENT ENTRY DECREE OF DIVORCE.

{¶ 5}    When reviewing the propriety of a trial court's determination in a domestic relations case, an abuse of discretion standard is used.  *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989).  This is the standard in cases reviewing an order relating to alimony, *see Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983); a division of martial property, *see Martin v. Martin*, 18 Ohio St.3d 292 (1985); a custody proceeding, *see Miller v. Miller*, 37 Ohio St.3d 71 (1988); or child support, *see Booth*.  "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, *see Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment."  *Booth* at 144.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore* at  219.

{¶ 6}    Ms. Taylor argues that Mr. Taylor did not timely file his appeal, arguing that the final appealable order was the decree of divorce filed on June 29, 2016 and not the DOPO filed on October 2, 2017.  We must initially determine whether we have subject-matter jurisdiction to consider the merits of this appeal.  "Subject-matter jurisdiction may not be waived or bestowed upon a court by the parties to the case."  *Green v. Green*, 10th Dist. No. 04AP-61, 2005-Ohio-851, ¶ 8, citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997).  R.C. 2505.03 limits the jurisdiction of appellate courts to the review of final orders, judgments, and decrees.  *Id.*; *see also*, Ohio Constitution, Article IV, Section 3(B)(2).

{¶ 7} The military retirement benefits are subject to property division. " '[R]etirement benefits accumulated during a marriage are subject to property division in a divorce proceeding.' " *Green v. Green*, 10th Dist. No. 05AP-484, 2006-Ohio-2534, ¶ 12, quoting *Robins v. Robins*, 10th Dist. No. 04AP-1152, 2005-Ohio-4969, ¶ 11. The trial court does not maintain continuing jurisdiction to modify a division of property or retirement benefits after a divorce decree.

> [A] division of marital property is not subject to modification through the continuing jurisdiction of the court. Therefore, a trial court lacks continuing jurisdiction to modify a division of pension or retirement benefits. Put another way, a court has control over the division of property at the time of the divorce decree, but not thereafter. A trial court, however, always retains the power to enforce the provisions of a divorce decree.

(Internal citations and quotations omitted.) *Green* at ¶ 12. While normally the decree of divorce would end the court's jurisdiction, the trial court specifically maintained jurisdiction for a limited time and purpose in this case to allow time for a third-party consultant to equalize all the defined benefit retirement plans.

> [T]he parties stipulated and agreed that QDRO Consultants would equalize all their defined benefit retirement plans. The Court further orders that Plaintiff shall cause QDRO Consultants to prepare any Qualified Domestic Relations Order or Division of Property Order necessary to effectuate this agreement. The parties shall equally split the cost of QDRO Consultants. *The Court retains jurisdiction to sign any QDRO or DOPO in accordance with this division of the retirement accounts.* Because the amounts will be equalized, the Court finds this to be an equal division and therefore will not include any amounts for these items on the balance sheet.

(Emphasis added.) (June 29, 2016 Divorce Decree at 12.) Since the divorce decree contemplated issuing a qualified domestic relations order or division of property order in the future and did not resolve the division of the retirement accounts including the military benefits, the divorce decree was not a final appealable order.

> A final order determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings. A judgment that leaves issues unresolved

> and contemplates that further action must be taken is not a final appealable order.

(Citations omitted.) *Fleenor v. Caudill*, 4th Dist. No. 03CA2886, 2003-Ohio-6513, ¶ 11. As we must follow the case law of *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, holding the divorce decree is a final, appealable order and actually divides the property, while the QDRO or DOPO are merely tools used to execute the divorce decree. *Cameron v. Cameron*, 10th Dist. No. 12AP-349, 2012-Ohio-6258, ¶ 12. We note that a trial court can expressly reserve jurisdiction:

> [A] trial court possesses jurisdiction to adopt a DOPO consistent with its divorce decree, but, *absent express reservation of jurisdiction* or express consent of the parties, it may not adopt a DOPO that changes the award the decree granted. A DOPO is inconsistent with a decree when it modifies the division of retirement benefits ordered in the decree, and a DOPO modifies a division of retirement benefits when the DOPO varies from, enlarges, or diminishes the awards the court ordered in the decree.

(Emphasis added.) *Cameron* at ¶ 13. The October 2, 2017 Military Retired Pay Division Order, therefore, is a final appealable order as to the division of retirement accounts as it resolves the final issue of the division of retirement benefits. Mr. Taylor's October 30, 2017 notice of appeal is therefore timely.

{¶ 8} Mr. Taylor argues, in his assignment of error, that the trial court erred in assigning Ms. Taylor as the irrevocable beneficiary under the SBP. Mr. Taylor argues that the language of the divorce decree is not ambiguous and does not contain any indication about the SBP and therefore the trial court erred in modifying the divorce decree by assigning Ms. Taylor as beneficiary. However, Ms. Taylor was already the beneficiary.

{¶ 9} Mr. Taylor cites *Robins* to argue that the divorce decree cannot be modified at a later date, or clarified, interpreted, or enforced. *Robins,* however, goes on to state that a court may reserve continuing jurisdiction over the distribution of vested pension or retirement benefits that have not matured. As discussed previously, the trial court specifically reserved jurisdiction to sign any DOPO, "The Court retains jurisdiction to sign any QDRO or DOPO in accordance with this division of the retirement accounts." (June 29, 2016 Divorce Decree at 12.) "A domestic relations court lacks jurisdiction to revisit the

division of property in a divorce or dissolution unless its final judgment or decree contains an express reservation of continuing jurisdiction." *Schrader v. Schrader*, 108 Ohio App.3d 25, 28 (6th Dist.1995).  The trial court was within its jurisdiction in affirming survivorship benefits for Ms. Taylor.  *See Robins* at ¶ 12.

{¶ 10}  When a decree that contains terms ordered by the trial court and not reached by agreement of the parties, a determination that such a decree is or is not ambiguous will be overturned on appeal only if the trial court abused its discretion.  *Robins* at ¶ 14; see *Blakemore*.  The stipulations between the parties did not contain any provisions about the assignment of survivorship benefits.

{¶ 11}  Mr. Taylor further argues that under federal law military survivor benefits may only be awarded in the original divorce decree.  Mr. Taylor quotes *Rafferty v. Office of Personnel Mgt.*, 407 F.3d 1317 (Fed.Cir.2005) extensively and argues that because there was no mention of survivor benefits in the stipulations or the June 29, 2016 divorce decree then the trial court erred as a matter of law by violating 5 U.S.C. 8341(H)(4).  The argument is that the Office of Personnel Management will not follow the October 2, 2017 order as it is not the first order dividing property.

{¶ 12}  It appears that federal law is clear that a first order dividing marital property cannot be modified after the retirement or death of the employee.  This remains true even if a state court specifically retains jurisdiction to issue a QDRO or DOPO.  *See Hinojosa v. OPM*, 205 Fed. Appx. 843 (Fed.Cir.2006), *Vaccaro v. Office of Personnel Mgt.*, 262 F.3d 1280 (Fed.Cir.2001)*; and *Rafferty*.

{¶ 13}  While federal law may indicate the possibility that the Office of Personnel Management will not follow the October 2, 2017 order, this has not transpired thus this question is not ripe for review.  "[T]he duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect."  *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970).  It is thus the "settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies."  *Id.*  Even as to proceedings seeking declaratory judgments, there must be a genuine controversy " 'between parties having adverse legal interests, of *sufficient immediacy and reality*.' "  (Emphasis sic.)  *Burger*

*Brewing Co. v. Liquor Control Comm.*, 34 Ohio St.2d 93, 97 (1973), quoting *Peltz v. South Euclid*, 11 Ohio St.2d 128. Absent an exception, for a cause to be justiciable, there must exist a real controversy presenting issues that are ripe for judicial resolution and will have a direct and immediate effect on the parties. *State ex rel. Ohio Acad. of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 525 (1999).

{¶ 14} In short, we overrule the sole assignment of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

SADLER, J., concurs.
DORRIAN, J., concurs in judgment only.